**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**ROSLYN N. BROOKS,**

       **Plaintiff,**

  **v.**                       **CIVIL ACTION No. 2:05cv260**

**MAERSK LINE, LIMITED,**

       **Defendant.**

## OPINION AND REMAND ORDER

This matter comes before the court on plaintiff's Motion to Remand. For the reasons stated below, plaintiff's Motion to Remand is **GRANTED**.

## I. Factual and Procedural History

From June 16, 2003, to July 28, 2003, plaintiff Roslyn N. Brooks ("Ms. Brooks") was employed as Chief Steward aboard the MAERSK ALASKA, a vessel owned and operated by Defendant Maersk Line, Limited ("Maersk Line"). Mot. J. ¶ 2, at 1.[1] At the beginning of her employment aboard the MAERSK ALASKA, Ms. Brooks found her living quarters, her cabin, and her place of work, the galley, to be unsanitary. Id. Ms. Brooks communicated her concern about the unsanitary conditions to her supervisor Captain Harrington. Id. ¶ 2, at 2. In addition to refusing to remedy Ms.

---

[1] The facts recited herein are taken from plaintiff's Motion for Judgment, which is the operative pleading on a Motion to Remand. See infra at 6 and note 4.

Brooks' unsanitary living and working conditions, Captain Harrington required that Ms. Brooks report to duty earlier than her scheduled shift, id. ¶ 3, at 2-3; failed to pay Ms. Brooks for her overtime work, id.; denied Ms. Brooks' requests for medical attention, id. ¶ 3, 2-4; made repeated racist and sexist remarks to Ms. Brooks, id. ¶¶ 2, 3, at 2-4; and fostered and encouraged a work environment that was hostile to Ms. Brooks, id. ¶ 3, at 4. These conditions of employment and actions of Captain Harrington continued from June, 2003, until July 28, 2003, when, shortly after arriving for duty in the galley, Ms. Brooks became ill, passed out, and was fired by Captain Harrington. Id. ¶ 4, at 4-5.

On April 25, 2005, plaintiff filed a Motion for Judgment in the Circuit Court of the City of Norfolk, Virginia, seeking damages under the Jones Act, 46 U.S.C. app. §§ 688 et seq.; general admiralty law; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq.; and 42 U.S.C. § 1981. Id. ¶ 1, at 1. Ms. Brooks' Jones Act and admiralty law claims are based on allegations of negligence, unseaworthiness, and failure to provide a safe place to work. Id. ¶ 6, at 6. Ms. Brooks' civil rights claims are based on allegations of employment discrimination on the basis of race, color, and sex. Id. ¶ 1, at 1.

On May 4, 2005, Maersk Line timely filed a Notice of Removal in this court under 28 U.S.C. § 1441(a), which provides for removal of any civil action brought in a state court "of which the district

courts of the United States have original jurisdiction...." 28 U.S.C. § 1441(a) (2005). Maersk Line argues that removal is proper under 28 U.S.C. § 1441(a) because this court has original jurisdiction over Ms. Brooks' civil rights claims, which arise under the Constitution and laws of the United States.[2]  On May 27, 2005, Ms. Brooks filed a Motion to Remand to state court and a Memorandum in Support of Remand.  In her Memorandum in Support of Remand, Ms. Brooks argues that the Jones Act claim is non-removable, even when joined with claims falling under this court's original jurisdiction.  Maersk Line filed a Brief in Opposition to Motion to Remand on June 7, 2005.  In its Brief in Opposition to Motion to Remand, Maersk Line argues that although the Jones Act claim is non-removable, the entire case may nevertheless be removed under 28 U.S.C. § 1441(c),[3] because the civil rights claims are separate and independent from the Jones Act claim.  In her Reply Brief to Defendant's Opposition to Plaintiff's Motion to Remand filed on June 9, 2005, Ms. Brooks argues that the civil rights claims are not separate and independent from the Jones Act claim,

---

[2] Title 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2005) (federal question jurisdiction). Ms. Brooks' civil rights claims arise under Title 42 of the United States Code, and, thus, arise under the laws of the United States. See 42 U.S.C. §§ 1981, 2000(e) et seq.

[3] See infra at 5 (quoting 28 U.S.C. § 1441(c)).

and, thus, removal is not proper under 28 U.S.C. § 1441(c).[4] Ms. Brooks's Motion to Remand is now ripe for review.

## II. Analysis

The Jones Act provides that any seaman who suffers personal injury in the course of his employment may, at his election, maintain an action for damages against his employer. 46 U.S.C. app. § 688(a) (2005). In such an action, "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply." Id. The Federal Employer's Liability Act ("FELA") is one such statute modifying or extending the common-law right or remedy in cases of personal injury to railway employees. See 45 U.S.C. §§ 51 et seq.

---

[4] On June 14, 2005, Maersk Line filed a Motion to File Sur-Reply Brief in Opposition to Plaintiff's Motion to Remand and a Brief in Support of Defendant's Motion for Leave to File Sur-Reply Brief in Opposition to Plaintiff's Motion to Remand. In its June 14, 2005, Brief, Maersk Line argues that Ms. Brooks' Jones Act claim, as articulated in Ms. Brooks' Reply Brief to Defendant's Opposition to Plaintiff's Motion to Remand, is based on allegations of negligent hiring. Maersk Line goes on to argue that the facts necessary to prove Ms. Brooks' Jones Act claim and her civil rights claims are distinct, and the claims create different damage recoveries. In Plaintiff's Memorandum in Opposition to Defendant's Motion to File Sur-Reply Brief, Ms. Brooks argues that, on the face of her Motion for Judgment, her negligence and employment discrimination allegations are based on an interlocked series of transactions with Captain Harrington during the voyage up to and through the time of Ms. Brooks' firing. As discussed infra at 6, in determining whether removal is proper, the court is limited to considering the plaintiff's pleadings at the time of removal. Accordingly, Maersk Line's argument based on the allegations in Ms. Brooks' Reply Brief to Defendant's Opposition to Plaintiff's Motion to Remand will not be considered, and the defendant's Motion to File Sur-Reply Brief is **DENIED.**

(1986). Title 28 U.S.C. § 1445(a) provides that FELA actions brought in state court may not be removed to any federal district court.[5] Accordingly, Jones Act actions brought in state court are non-removable. See, e.g., California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 99 (2d Cir. 2004); Lackey v. Atl. Richfield Co., 990 F.2d 202, 206-07 (5th Cir. 1993); Pratt v. United States, 340 F.2d 174, 178 n.9 (1st Cir. 1964).

Title 28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331[[6]] of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (2005). The issue before the court is whether Ms. Brooks' civil rights claims are separate and independent from her Jones Act claim.[7] If the civil rights claims are not separate and independent, as Ms. Brooks argues, then removal is not proper. If the claims are separate and independent, as Maersk Line argues,

---

[5] Section 56 of FELA provides that the federal and state courts have concurrent jurisdiction of actions brought under FELA. 45 U.S.C. § 56 (1986).

[6] See supra note 2 (quoting 28 U.S.C. § 1331).

[7] Whether Ms. Brooks' admiralty law claims are separate and independent from her Jones Act claim is not at issue. Several courts have held that admiralty law claims of injury caused by unseaworthiness are not separate and independent from a claim of damages under the Jones Act. See, e.g., Pate v. Standard Dredging Corp., 193 F.2d 498, 501 (5th Cir. 1952); Alajoki v. Inland Steel Co., 635 F. Supp. 398, 399 (E.D. Mich. 1985).

5

then removal is proper under 28 U.S.C. § 1441(c).

The United States Supreme Court has explained that there is no separate and independent claim under 28 U.S.C. § 1441(c) "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." American Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951).  In determining whether a claim is separate and independent, the court is limited to considering the plaintiff's pleadings at the time of the defendant's Notice of Removal.  Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939).  In determining whether removal is proper, all doubts must be resolved in favor of remanding the case to state court.  See Shamrock Oil & Gas Corp., 313 U.S. 100, 108-09 (1941) (holding that due regard for the independence of state governments requires strict construction of the removal statute); Roche v. Lincoln Prop. Co., 373 F.3d 610, 615 (4th Cir. 2004) (stating the "well-settled" rule that doubts about the propriety of removal must be resolved in favor of remanding the case to state court).

In this case, a review of Ms. Brooks' Motion for Judgment clearly shows that her allegations of negligence, unseaworthiness, failure to provide a safe place to work, and employment discrimination all arise out of an interlocked series of transactions between Ms. Brooks and Captain Harrington.[8]  Ms. Brooks' civil rights claims are not separate and independent from

---

[8] See supra Part I. for a review of these factual allegations.

her Jones Act claim.  Therefore, removal is not proper on the basis of 28 U.S.C. § 1441(c).

### III. Conclusion

As removal is not proper, the court **REMANDS** plaintiff's case to the Circuit Court of the City of Norfolk, Virginia, for all further proceedings.  The Clerk is **DIRECTED** to forward a copy of this Opinion and Remand Order to counsel for plaintiff and defendant, and to the Circuit Court of the City of Norfolk.  Further, the Clerk shall take the necessary steps to effect the remand to the state court.

It is so **ORDERED**.

/s/Rebecca Beach Smith
_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

October 24, 2005

7